1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9
10

TYRONE WASHINGTON, individually and on behalf of all others similarly situated,

No.

11

                                        Plaintiff,

12

        v.

13

KERRY INC., a Delaware corporation,

14

                                        Defendant.

NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446, and 1453 (CAFA)

(from King County Superior Court, Case No. 25-2-11462-7 SEA)

15
16

TO:            The Honorable Judges of the U.S. District Court for the Western District of Washington;

17
18

AND TO:        Tyrone Washington, Plaintiff;

19

AND TO:        Douglas Han, Shunt Tatavos-Gharajeh, and Dean Petitta, Justice Law Corporation, Counsel for Plaintiff.

20

        PLEASE TAKE NOTICE the defendant Kerry Inc. ("Defendant") hereby invokes this

21

Court's jurisdiction under the provisions of 28 U.S.C. §§ 1332(d), 1441, 1446 and 1453, and

22

removes the above-entitled action to this Court from the Superior Court of the State of

23

Washington for the County of King based on the Class Action Fairness Act of 2005 ("CAFA").

24

        In support thereof, Defendant asserts the following:

25

        1.        On April 14, 2025, plaintiff Tyrone Washington ("Plaintiff") filed a Class Action

26

Complaint for Unpaid Wages (the "Complaint") against Defendant in the Superior Court of the

27
28

NOTICE OF REMOVAL - 1
(Case No.                        )

State of Washington for the County of King. *See* Declaration of Brian Keeley ("Keeley Decl.") at ¶3 and **Ex. A**. The Complaint was entitled *Tyrone Washington, individually and on behalf of all others similarly situated, Plaintiff v. Kerry Inc., a Delaware corporation*, Case No. 25-2-11462-7 SEA, and set forth the following nine causes of action against Defendant: (1) Violations of RCW 49.12.020 and WAC 296-126-092 – Failure to Provide Rest Periods; (2) Violations of RCW 49.12.020 and WAC 296-126-092 – Failure to Provide Meal Periods; (3) Violation of RCW 49.46.130 – Failure to Pay Overtime Wages; (4) Violation of RCW 49.46.090 – Payment of Wages Less Than Entitled; (5) Violations of RCW 49.46.210 and WAC 296-128-620 – Failure to Accrue and Allow Use of Paid Sick Leave; (6) Violations of RCW 49.52.060 and WAC 296-126-028 – Unlawful Deductions and Rebates; (7) Violation of RCW 49.48.010 – Failure to Pay All Wages Due at Termination; (8) Violation of RCW 49.52.050 – Willful Refusal to Pay Wages; and (9) Violation of SMC 14.20.020 – Failure to Pay All Compensation Owed. *See* Keeley Decl., **Ex. A**.

2.     As stated therein, the Complaint is brought as a putative class action pursuant to Washington Civil Rule 23 on behalf of plaintiff Tyrone Washington and a putative class defined as "[a]ll hourly-paid or non-exempt employees of Defendant in the State of Washington at any time during the period from three years preceding the filing of this Complaint to final disposition of this action." *See* Keeley Decl., **Ex. A** at ¶ 4.1.

3.     In addition to their Complaint, Plaintiff also filed a Case Information Cover Sheet on April 14, 2025. *See* Keeley Decl. at ¶ **5** and **Ex. C**. That same day, the clerk issued its Order Setting Civil Case Schedule. *See* Keeley Decl. at ¶ **4** and **Ex. B**.

4.     Defendant first received Plaintiff's Summons, Complaint, and Order Setting Civil Case Schedule when they were served on April 21, 2025. *See* Declaration of Sharon Olson ("Olson Decl.") at ¶ 3.

5.     As of the date of this Notice of Removal, the pleadings on file in the Superior Court are limited to: (A) the Class Action Complaint for Unpaid Wages; (B) the Order Setting

NOTICE OF REMOVAL - 2
(Case No.                              )

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

1  Civil Case Schedule; (C) the Case Information Cover Sheet; (D) the Summons; and (E) Notices

2  of Appearance for Counsel for Defendant. *See* Keeley Decl. at ¶¶ 3–7 and **Exs. A-E**.

3  ### **TIMELINESS OF REMOVAL**

4  6.    This Notice of Removal has been filed within thirty (30) days after Defendant was

5  first served with a copy of Plaintiff's Summons and Complaint on April 21, 2025. *See* Olson

6  Decl. at ¶ 3 and **Ex. A**. Therefore, it has been filed within the time period mandated by 28 U.S.C.

7  § 1446(b). *See* Fed. R. Civ. P. 6; LCR 6; *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344,

8  354 (1999) ("[T]he defendant's period for removal will be no less than 30 days from service, and

9  in some categories, it will be more than 30 days from service, depending on when the complaint

10  is received.").

11  ### **NOTICE TO ALL PARTIES AND STATE COURT**

12  7.    In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a

13  copy of this Notice of Removal and all supporting papers were or will be served promptly on

14  Plaintiff's counsel and notice of this removal will be filed with the Clerk of the King County

15  Superior Court. Therefore, all procedural requirements under 28 U.S.C. § 1446 have been or will

16  be followed and satisfied

17  ### **VENUE IS PROPER**

18  8.    This action was filed in the Superior Court in and for the County of King at

19  Seattle. Thus, venue of this action properly lies in the United States District Court for the

20  Western District of Washington at Seattle pursuant to 28 U.S.C. 1391, providing that an action

21  may be brought in a judicial district where a substantial part of the events or omissions giving

22  rise to the claim occurred or where the defendant resides. *See* Keeley Decl., **Ex. A** at ¶ 2.1

23  ("Defendant does business in the State of Washington and has operations in King County."); *id.*

24  at ¶ 2.2 ("Venue is proper in King County because Defendant operates and transacts business in

25  King County.").

26

27

28

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

1

**REMOVAL BASED ON CLASS ACTION FAIRNESS ACT**

2      9.      Removal of this action is proper under CAFA, 28 U.S.C. §§ 1332 *et seq.* Section

3  4 of CAFA has been amended to read, in relevant part:

4            The district courts shall have original jurisdiction of any civil
             action in which the matter in controversy exceeds the sum or value
5            of $5,000,000, exclusive of interest and costs, and is a class action
             in which – (A) any member of a class of plaintiffs is a citizen of a
6            State different from any defendant[.]

7  28 U.S.C. § 1332(d)(2).

8      10.      In addition, CAFA provides for jurisdiction in the district courts only where the

9  proposed class involves 100 or more members, or where the primary Defendants are not States,

10  State officials, or other governmental entities. 28 U.S.C. § 1332(d)(5).

11      11.      As set forth below, this is a civil action over which this Court has original

12  jurisdiction under 28 U.S.C. § 1332(d), in that it is a civil action filed as a class action involving,

13  based on the allegations in the Complaint, more than 100 members, and the amount in

14  controversy exceeds the sum of $5,000,000, exclusive of interests and costs, and Plaintiff or any

15  member of the purported class is a citizen of a state different from at least one Defendant. *See*

16  28 U.S.C. § 1332(d), 28 U.S.C. § 1453.

17  **A.  The Putative Class Contains More Than 100 Members.**

18      12.      CAFA provides that the district courts shall not have jurisdiction over class

19  actions where "the number of members of all proposed plaintiff classes in the aggregate is less

20  than 100." 28 U.S.C. § 1332(d)(5).

21      13.      Here, the Complaint defines the purported class as: "All hourly-paid or non-

22  exempt employees of Defendant in the State of Washington at any time during the period from

23  three years preceding the filing of this Complaint to final disposition of this action." *See* Keeley

24  Decl., **Ex. A** at ¶ 4.1. The Complaint defines a purported subclass as: "All hourly-paid or non-

25  exempt employees of Defendant in the State of Washington who worked in the City of Seattle at

26  any time during the period from three years preceding the filing of this Complaint to final

27  disposition of this action." *Id.* at ¶ 4.2.

28

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

14.    Based on Defendant's employment records, from 2022 to 2024, Defendant employed approximately 194 hourly or non-exempt employees in the State of Washington. *See* Declaration of Tim Skinner ("Skinner Decl.") at ¶ 3. Of these employees, approximately 181 worked in the City of Seattle. *Id.*

15.    Accordingly, the numerosity requirement for jurisdiction under CAFA is easily satisfied based on the number of current and former employees falling within the Plaintiff's definition of the "Class."

**B.  The Named Defendant is not a Government Entity.**

16.    Defendant Kerry Inc. is not a State, a State official, or any other governmental entity. *See* Skinner Decl. at ¶ 4.

**C.  Minimal Diversity is Satisfied Under CAFA.**

17.    The standard for establishing diversity of citizenship under CAFA is different than diversity jurisdiction under 28 U.S.C. 1332(a)–(c). CAFA's diversity requirement is satisfied when there is minimal diversity, *i.e.*, when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A); *see Ehrman v. Cox Communs., Inc.*, 932 F.3d 1223, 1226 (9th Cir. 2019).

18.    Citizenship of the parties is determined by their citizenship status at the action's commencement. *See Mann v. City of Tucson*, 782 F.2d 790, 794 (9th Cir. 1986).

19.    For individuals, citizenship is determined by a person's domicile. *See Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). While residence and citizenship are not the same, a person's place of residence is prima facie evidence of his or her citizenship. *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994) (holding that allegation by party in state court complaint of residency "created a presumption of continuing residence in Wyoming and put the burden of coming forward with contrary evidence on the party seeking to

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

1   prove otherwise"). Furthermore, a person's intention to remain may be established by his or her

2   place of employment. *See Youn Kyung Park v. Holder*, 572 F.3d 619, 625 (9th Cir. 2009).

3      20.    Based on Plaintiff's allegations in the Complaint, Defendant is informed and

4   believes that Plaintiff was, at the time this action was commenced, and still is, a resident and

5   citizen of the State of Washington. *See* Keeley Decl., **Ex. A** at ¶ 3.1 ("Plaintiff is a resident of

6   Washington."). Accordingly, Plaintiff is a citizen of the State of Washington for purposes of

7   removal under CAFA.

8      21.    For purposes of removal under CAFA, a corporation is a citizen of any state

9   where it is incorporated and of the state where it has its principal place of business. 28 U.S.C.

10  § 1332(c).

11     22.    With respect to ascertaining a corporation's principal place of business, the

12  United States Supreme Court has adopted the "nerve center test." *Hertz Corp. v. Friend*, 559

13  U.S. 77, 80–81 (2010). Under the nerve center test, a corporation's principal place of business is

14  where a corporation's high-level officers direct, control, and coordinate the corporation's

15  activities. *Id*. A corporation can only have one "nerve center." *Id*. at 93–94. In evaluating where

16  a corporation's "nerve center" is located, courts will look to the center of overall direction,

17  control, and coordination of the company and will no longer weight corporate functions, assets,

18  or revenues in each state. *Id.* at 95–96.

19     23.    Defendant was, at the time Plaintiff filed the Complaint, and presently is a

20  corporation organized under the laws of the State of Delaware. *See* Olson Decl. at ¶ 5; Keeley

21  Decl., **Ex. A** at ¶ 3.2 ("Defendant is a Delaware corporation with its principal place of business

22  in Beloit, Wisconsin."). At all relevant times, Defendant's company headquarters, and thus its

23  principal place of business, has been in Beloit, Wisconsin. *See* Olson Decl. at ¶ 5; Keeley Decl.,

24  **Ex. A** at ¶ 3.2. Defendant's executive and administrative operations are centrally managed from

25  its headquarters in Beloit, Wisconsin. *See* Olson Decl. at ¶ 5**.** The Board of Directors and

26  executive officers of Defendant maintain their offices at Defendant's headquarters in Wisconsin.

27  *Id.* From its headquarters in Wisconsin, Defendant also makes and implements company-wide

28

NOTICE OF REMOVAL - 6
(Case No.                                    )

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

1    operating, distribution, financial, employee relations, marketing, development, customer care,

2    accounting, income tax, treasury, and legal policy decisions. *Id*. Further, Defendant's Board of

3    Directors' actions take place in Wisconsin, its financial records are maintained there, and its tax

4    returns are filed from there. *Id*. Accordingly, for purposes of removal under CAFA, Defendant is

5    a citizen of the State of Wisconsin and is not a citizen of the State of Washington.

6         24.    Given the above, minimal diversity exists under CAFA because at least one

7    member of the putative class (Plaintiff) was, at the time this action was commenced—and is still

8    believed to be—a citizen of the State of Washington, while Defendant was—and still is—a

9    citizen of Delaware and Wisconsin.

10    **D.  The Amount In Controversy Exceeds $5,000,000 Based On A Plausible Reading of the Allegations of the Complaint.[1]**

11

12         25.    Under CAFA, the claims of the individual members in a class action are

13    aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000.

14    *See* 28 U.S.C. § 1332(d)(6). Congress intended federal jurisdiction to be appropriate under

15    CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of

16    the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g.,

17    damages, injunctive relief, or declaratory relief)." Sen. Jud. Comm. Rep., S. REP. 109-14, at 42.

18    Moreover, any doubts regarding the maintenance of class actions in state or federal court should

19    be resolved in favor of federal jurisdiction. S. Rep. 109-14, at 42–43 ("[I]f a federal court is

20    uncertain about whether 'all matters in controversy' in a purported class action 'do not in the

21    aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising

22    jurisdiction over the case…. Overall, new section 1332(d) is intended to expand substantially

23    federal court jurisdiction over class actions.  Its provisions should be read broadly ….").

24

25

26    ---

    [1] Defendant denies each and every allegation set forth by Plaintiff in the Complaint and denies that Plaintiff or putative class members are entitled to any damages (whether statutory, actual, or otherwise), injunctive relief, declaratory relief, attorneys' fees, or any other relief. Defendant also denies that this action can proceed as a class action. Notwithstanding the above, removal of this action is proper given that removal is based on the allegations asserted in the Complaint.

27

28

NOTICE OF REMOVAL - 7
(Case No.            )

1      26.    In determining whether the amount in controversy exceeds $5,000,000, the Court

2 must presume Plaintiffs will prevail on each and every one of their claims. *Chavez v. JPMorgan*

3 *Chase & Co.*, 888 F.3d 413, 414–15 (9th Cir. 2018) ("[T]he amount in controversy …

4 encompasses all relief a court may grant on that complaint if the plaintiff is victorious."); *Angus*

5 *v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) (holding that "the amount in controversy is not

6 measured by the low end of an open-ended claim")). Moreover, the argument and facts set forth

7 in the Complaint may appropriately be considered in determining whether the jurisdictional

8 amount in controversy requirement is satisfied. *See Fuller v. Bloom Inst. of Tech.*, 2023 U.S.

9 Dist. LEXIS 203185, at *11 (N.D. Cal. Nov. 13, 2023) ("[T]he defendant's showing on the

10 amount in controversy may rely on reasonable assumptions.… An assumption may be reasonable

11 if it is founded on the allegations of the complaint." (internal quotations omitted) (quoting *Arias*

12 *v. Residence Inn*, 936 F.3d 920, 922, 925 (9th Cir. 2019)).

13      27.    Notably, "[t]here is no obligation by defendant to support removal with production

14 of extensive business records to prove or disprove liability and/or damages with respect to plaintiff

15 or the putative class members at this premature (pre-certification) stage of the litigation." *Muniz v.*

16 *Pilot Travel Ctrs. LLC*, 2007 U.S. Dist. LEXIS 31515, at *15 (E.D. Cal. Apr. 30, 2007) (citing

17 *McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994)). Rather, a defendant seeking removal

18 must prove by a preponderance of the evidence that the aggregate amount in controversy exceeds

19 the jurisdictional minimum. *Rodriguez v. AT&T Mobility Servs. Ltd. Liab. Co.*, 728 F.3d 975, 977

20 (9th Cir. 2013) (holding that "the proper burden of proof imposed upon a defendant to establish

21 the amount in controversy is the preponderance of the evidence standard").

22      28.    In *Dart Cherokee Basin Operating Company, LLC v. Owens*, the United States

23 Supreme Court held that where, as here, the complaint is silent as to whether the amount in

24 controversy meets CAFA's jurisdictional threshold of $5,000,000, "a defendant's notice of

25 removal need include only a *plausible* allegation that the amount in controversy exceeds the

26 jurisdictional threshold[.]" 135 S. Ct. 547, 554 (2014) (emphasis added). Further, "[n]o

27 'antiremoval presumption attends cases invoking CAFA' because 'Congress enacted [CAFA] to

28

NOTICE OF REMOVAL - 8
(Case No.             )

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

1  facilitate adjudication of certain class actions in federal court.'" *Adams v. Toys 'R' US – Del.,*

2  *Inc.*, 2015 U.S. Dist. LEXIS 11338, at *5–6 (N.D. Cal. Jan. 29, 2015) (*quoting Dart*, 135 S. Ct.

3  at 554).

4       29.    Moreover, if a plaintiff asserts statutory violations, the court must assume that the

5  violation rate is 100% unless the plaintiff specifically alleges otherwise. *See Muniz v. Pilot*

6  *Travel Ctrs. LLC*, 2007 U.S. Dist. LEXIS 31515, at *12–13 (E.D. Cal. Apr. 30, 2007) ("As these

7  allegations reveal, plaintiff includes no fact-specific allegations that would result in a putative

8  class or violation rate that is discernibly smaller than 100%, used by defendant in its calculations.

9  Plaintiff is the 'master of [her] claim[s],' and if she wanted to avoid removal, she could have

10  alleged facts specific to her claims which would narrow the scope of the putative class or the

11  damages sought.") (*citing Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)); *see also*

12  *Arreola v. The Finish Line*, No. 14- CV-03339-LHK, 2014 WL 6982571, at *4 (N.D. Cal. Dec.

13  9, 2014) ("District courts in the Ninth Circuit have permitted a defendant removing an action

14  under CAFA to make assumptions when calculating the amount in controversy—such as

15  assuming a 100 percent violation rate, or assuming that each member of the class will have

16  experienced some type of violation—when those assumptions are reasonable in light of the

17  allegations in the complaint."); *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141,

18  1149 (C.D. Cal. 2010) ("[C]ourts have assumed a 100% violation rate in calculating the amount

19  in controversy when the complaint does not allege a more precise calculation.").

20       30.    The gravamen of Plaintiff's Complaint is that from April 14, 2022, to the present

21  (the "Class Period"), Defendant (A) failed to provide hourly and non-exempt employees in

22  Washington with all rest periods to which they were entitled under Washington law; (B) failed to

23  provide hourly and non-exempt employees in Washington with all meal periods to which they

24  were entitled under Washington law; (C) failed to pay hourly and non-exempt employees in

25  Washington all overtime pay to which they were entitled under Washington law; (D) failed to

26  pay hourly and non-exempt employees in Washington all wages to which they were entitled

27  under Washington law; (E) failed to provide and allow hourly and non-exempt employees in

28

NOTICE OF REMOVAL - 9
(Case No.          )

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

Washington to use all paid sick leave to which they were entitled under Washington law;
(F) made unlawful deductions and rebates from the wages of hourly and non-exempt employees
in Washington; (G) failed to pay hourly and non-exempt employees in Washington all wages due
at termination to which they were entitled under Washington law; (H) willfully refused to pay
hourly and non-exempt employees in Washington all wages to which they were entitled under
Washington law; and (I) failed to pay hourly and non-exempt employees in Seattle all wages to
which they were entitled under Seattle law

31.    As provided in the supporting declaration(s) submitted herewith:

- From 2022 to 2024, Defendant employed approximately
  194 hourly or non-exempt employees in Washington State,
  including 181 hourly or non-exempt employees in Seattle.
- From 2022 through 2024, Defendant employed an average of
  96.15 hourly or non-exempt employees in Washington State,
  including an average of 75.05 hourly or non-exempt employees in
  Seattle.
- From 2022 through 2024, the hourly or non-exempt employees in
  Washington State worked an average of 44.29 hours per week, or
  8.86 hours per day.
- From 2022 through 2024, the hourly or non-exempt employees in
  Washington State were paid an average rate of $25.78 per hour.

*See* Skinner Decl at ¶ 3.

32.    Based on the foregoing, and assuming Defendant's non-exempt employees in the
State of Washington were wholly denied their meal periods, rest breaks, and paid sick leave
during the Class Period, the amount in controversy well exceeds $5,000,000.

33.    Based on average daily hours of between 8.5 and 9 hours, it is assumed that each
employee would be entitled to one meal break and two rest breaks per day. Because the average
weekly hours exceed 40 hours per week, damages for unpaid hours worked are arguably based
on overtime rates. Sick leave accrues at a rate of 1 hour for every 40 hours worked, this arguably
adds an additional hour of paid time for every 40 hours of alleged missed breaks. As part of their
claims, Plaintiff is also seeking a doubling and/or trebling of the alleged wage-based damages
under Chapter 49.52 and Chapters 14.19 and 14.20 SMC.

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

34.     Plaintiff also seeks an unspecified amount of attorneys' fees in their Complaint, which the Court should consider and include in the amount in controversy. *See* Keeley Decl., **Ex. A** at 18–19, "Prayer for Relief"; *see also, e.g., Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998). Attorneys' fee awards in Washington wage-hour class actions can easily total several hundreds of thousands of dollars or more. Moreover, the Ninth Circuit has held "that the amount in controversy is not limited to damages incurred prior to removal—for example, it is not limited to wages a plaintiff-employee would have earned before removal (as opposed to after removal)." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414 (9th Cir. 2018). "Rather, the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Id.* at 414–15; *see also Lucas v. Michael Kors (USA) Inc.*, No. CV 18-1608-MWF (MRWx), 2018 U.S. Dist. LEXIS 78510, at *32 (C.D. Cal. May 9, 2018) ("[U]naccrued post-removal attorneys' fees can be factored into the amount in controversy.").

35.     "Courts in this circuit have held that, for purposes of calculating the amount in controversy in a wage-and-hour class action, removing defendants can reasonably assume that plaintiffs are entitled to attorney fees valued at approximately twenty-five percent of the projected damages." *Fong v. Regis Corp.*, No. C 13-04497 RS, 2014 U.S. Dist. LEXIS 275, at *23 (N.D. Cal. Jan. 2, 2014); *see also Herrera v. Carmax Auto Superstores Cal.*, LLC, No. EDCV-14-776-MWF (VBKx), 2014 U.S. Dist. LEXIS 188729, at *12 (C.D. Cal. June 12, 2014) ("Substantial authority supports a 'benchmark' 25 percent attorneys' fees figure to be added to any claim for which attorneys' fees are available."); *Hamilton v. Wal-Mart Stores, Inc.*, No. ED CV 17-01415-AB (KKx), 2017 U.S. Dist. LEXIS 162856, at *16 (C.D. Cal. Sep. 29, 2017) ("The Ninth Circuit has allowed an estimate fee award of 25% of a plaintiff's damages in calculating the amount in controversy under CAFA."); *Gutierrez v. Stericycle, Inc.*, No. LA CV15-08187 JAK (JEMx), 2017 U.S. Dist. LEXIS 20975, at *51 (C.D. Cal. Feb. 14, 2017) ("[I]t is appropriate to include in the calculation of the amount in controversy a potential fee award of 25% of the value of certain of the substantive claims.").

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

1    36.    The Court should therefore also consider attorneys' fees of at least 25 percent of

2    the aggregate amount in controversy calculated below.  *See, e.g., Oda v. Gucci Am., Inc.*, 2015

3    U.S. Dist. LEXIS 1672, at *11–13 (C.D. Cal. 2015) (finding the defendant's assumptions

4    regarding attorneys' fees to be "reasonable" on removal where the defendant assumed plaintiffs

5    would recover a 25 percent attorney's fee).

6    37.    Because Defendant employed an average of 96 (rounded) employees at any given

7    time, the total amount of unpaid wages between 2022 and 2024 at the average regular rate of pay

8    would be $1,583,356.04. Multiplying by 1.5 to account for an alleged overtime rate of pay would

9    be $2,375,034.06. Doubling those alleged damages under Washington law yields $4,750,068.12

10   in alleged damages, and adding attorney's fees of 25 percent would be $5,937,585.15. Trebling

11   the alleged overtime damages for 75 Seattle employees yields $5,566,486.08, and adding

12   attorney's fees of 25 percent would give a total of $ $6,958,107.60.

13   38.    Importantly, the strength of Defendant's defenses is irrelevant to determining the

14   amount in controversy. "The amount in controversy represents only the 'amount at stake in the

15   underlying litigation,' not the likely liability." *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767,

16   774 (9th Cir. 2020) (quoting *Gonzales v. CarMax Auto Superstores, Ltd. Liab. Co.*, 840 F.3d

17   644, 648 (9th Cir. 2016)). "We have held that the 'strength of any defenses indicates the

18   *likelihood* of the plaintiff prevailing; it is irrelevant to determining the amount that is at stake in

19   the litigation.'" *Id.* (quoting *Arias v. Residence Inn*, 936 F.3d 920, 928 (9th Cir. 2019)). "In other

20   words, 'just because a defendant might have a valid defense that will reduce recovery to below

21   the jurisdictional amount does not mean the defendant will ultimately prevail on that defense.'"

22   *Id.* (quoting *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102,

23   1108 (9th Cir. 2010)).

24   39.    Therefore, for the reasons discussed above, and without conceding or admitting to

25   the underlying merit of Plaintiff's claims, or whether Plaintiff's claims are amenable to class

26   treatment, it is plausible that the aggregate amount in controversy in connection with Plaintiff's

27   putative class claims surpasses the $5,000,000 jurisdictional threshold required under CAFA

28

NOTICE OF REMOVAL - 12
(Case No.                    )

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

1  based on the causes of action alleging failure to provide meal periods, rest breaks, and paid sick

2  leave and attendant alleged damages.

3        40.        Based on the foregoing, Defendant hereby respectfully removes the above-

4  captioned action from the King County Superior Court to this Court based on CAFA

5  requirements (28 U.S.C. §§ 1332(d), 1441, 1446 and 1453), and respectfully requests that this

6  Court retain jurisdiction for all further proceedings.

7        DATED this 21st day of May, 2025.

8                                   JACKSON LEWIS P.C.

9

10                         By:    _s/ Brian K. Keeley_____
                                  Brian K. Keeley, WSBA #32121
11                                520 Pike Street, Suite 2300
                                  Seattle, WA 98101
12                                Telephone (206) 902-3802
                                  Brian.Keeley@jacksonlewis.com
13

14

15                         By:    _s/ Peter V. Montine_____
                                  Peter V. Montine, WSBA #49815
16                                520 Pike Street, Suite 2300
                                  Seattle, WA 98101
17                                Telephone (206) 626-6414
                                  Peter.Montine@jacksonlewis.com
18

19                                Counsel for Defendant

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL - 13
(Case No.                              )

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DECLARATION OF SERVICE**

The undersigned declares under penalty of perjury under the laws of the United States of America that a true and accurate copy of the document to which this declaration is affixed was electronically filed with the Clerk of the Court using the CM/ECF System, and sent to the following:

Douglas Han, WSBA #59429
Shunt Tatavos-Gharajeh, WSBA #59424
Dean Petitta, WSBA #58295
Justice Law Corporation
751 North Fair Oaks Avenue, Suite 101
Pasadena, CA 91103
Telephone (818) 230-7502
dhan@justicelawcorp.com
statavos@justicelawcorp.com
dpetitta@justicelawcorp.com

Counsel for Plaintiff

☒ via CM/ECF System
☒ via Electronic Mail
☐ via USPS Mail
☐ via Federal Express
☐ via Hand-delivery
☐ Other: _____

DATED this 21st day of May, 2025.

_____
Lindsay Holzworth

NOTICE OF REMOVAL - 14
(Case No.                          )

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404